IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YAISA CARR, | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-06191 |
| | ) | |
| v. | ) | |
| | ) | |
| ACCURATE BACKGROUND, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, YAISA CARR, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, ACCURATE BACKGROUND, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. YAISA CARR, (hereinafter, "Plaintiff") is an individual who resides in Lake County, Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. ACCURATE BACKGROUND, INC., (hereinafter, "Defendant") is a business entity that provides background screening services. Defendant's principal place of business is located in the State of California; Defendant is incorporated in the State of California.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

10. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

11. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

12. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

13. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal background.

14. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. In or around April 2017, Plaintiff applied for a position of employment with Amazon.

17. On April 22, 2017, Amazon offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

18. As part of its routine background check on its prospective employees, Amazon requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

19. On or about May 1, 2017, Defendant prepared and sold a consumer report to Amazon, purportedly regarding the character and general reputation of Plaintiff.

20. The aforementioned consumer report contained public record information that indicated that Plaintiff had a pending offense for "Theft By Receiving Stolen Property."

21. Concurrent with the furnishing to Amazon of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant was under an obligation to provide notice to Plaintiff of the fact that public record information was being reported about Plaintiff, and further provide notice to Plaintiff of the name and address of the person to whom such information was being reported.

22. Despite the furnishing to Amazon of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide notice to Plaintiff that public record information was being reported about Plaintiff.

23. Despite the furnishing to Amazon of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide Plaintiff with the name and address of the person to whom such information was being reported.

24. Alternatively, Despite the furnishing to Amazon of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to maintain strict procedures designed to ensure that the public record information it reported to Amazon about Plaintiff was current and complete.

25. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

26. The inaccurate information of which Plaintiff complains is a putative pending charge for "Theft By Receiving Stolen Property."

27. No charges have been brought against Plaintiff for the putative pending offense reported by Defendant to Amazon and Plaintiff has never been charged, tried or convicted of the offense that appeared in the background report prepared by Defendant.

28. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including Amazon.

29. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

30. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

31. As of the result of the inaccurate information reported by Defendant to Amazon, Plaintiff was not offered the position of employment.

32. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information that there was a pending charge against Plaintiff for "Theft By Receiving Stolen Property."

33. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to Amazon and other unknown third parties.

34. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

35. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

36. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

5

    a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

    b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

    c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.    JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YAISA CARR, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **YAISA CARR**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: August 25, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com